UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. POWELL,

   Plaintiff,      Case No. 2:15-cv-11616
            District Judge Paul D. Borman
v.            Magistrate Judge Anthony P. Patti

INTERNAL REVENUE
SERVICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT IRS'S FEBRUARY 17, 2016 MOTION TO DISMISS AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT (DE 29)

**I.**  **RECOMMENDATION**:  The Court should grant Defendant IRS's

February 17, 2016 motion to dismiss and/or motion for partial summary judgment

(DE 29).  Specifically, Defendant IRS is entitled to **(a)** summary judgment on

Plaintiff's claim(s) concerning his March 20, 2015 request and **(b)** dismissal of

Plaintiff's claim(s) concerning his June 8, 2015 FOIA request.

**II.**  **REPORT:**

  **A.**  **Background**

This lawsuit is one of three Plaintiff William E. Powell has filed against the Internal Revenue Service (IRS) in this Court.[1]  On May 5, 2015, Plaintiff filed the instant lawsuit *pro se*, seeking to compel Defendant to comply with his March 20, 2015 request for certain tax documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (DE 1 at 2 ¶¶ 1-2.)

On July 6, 2015, Plaintiff filed a motion for leave to amend his complaint, which the Court granted on September 8, 2015.  (DEs 12, 15.)  Thus, Plaintiff's first amended complaint, which mentions both a March 2015 FOIA request and a June 2015 FOIA request, is the operative complaint.  (*See* DE 16 at 2-3 ¶¶ 4-9.)  Plaintiff's sole cause of action against the IRS is an alleged violation of 5 U.S.C. § 552.  (DE 16 at 4-5.)

## B.   Instant Motion

Judge Borman has referred this case to me for pretrial matters.  (DE 13.)  Currently before the Court is Defendant IRS's February 17, 2016 motion to dismiss and/or motion for partial summary judgment.  (DE 29.)  Therein, Defendant IRS argues, with various sub-arguments, that (I) "Plaintiff did not exhaust his administrative remedies with respect to his March 20, 2015, FOIA request[,]" and (II) "[t]he Service likewise prevails on [P]laintiff's June 8,2015,

_____

[1] *See Powell v. IRS*, Case No. 2:14-cv-12626-SFC-MJH (E.D. Mich.) (judgment entered Sept. 9, 2015), and *Powell v. IRS*, Case No. 2:15-cv-11033-PDB-APP (E.D. Mich.) (IRS's January 20, 2016 motion for summary judgment pending).

FOIA request[.]"  (DE 29 at 10-15, 15-19).[2]  Plaintiff filed a response on February

23, 2016, and Defendant filed a reply on February 26, 2016.  (DEs 31, 32.)

Plaintiff filed an unauthorized sur-reply on March 1, 2016, which the Court has

stricken.  (DE 34, 35.)

## C.    Standard

Defendant IRS brings this motion pursuant to Fed. R. Civ. P. 56(a).  (DE 29

at 1, 25.)  Under the Federal Rules of Civil Procedure, "[t]he court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under

governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The

Court "views the evidence, all facts, and any inferences that may be drawn from

the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc.*

*v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations

omitted).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists . . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

---

[2] Attached to the IRS's motion are unsigned declarations of Amparano and Brown.
(DE 29-1 [16 pages], DE 29-2 [36 pages].)  The citations to declarations in this
report and recommendation will be to the signed declarations which were filed the
following day, on February 18, 2016.  (DE 30 [21 pages], DE 30-1 [42 pages].)

(6th Cir. 2011) (internal quotations omitted); *cf*. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . .  [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a

4

showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### D.    Discussion

#### 1.    The Freedom of Information Act (FOIA) Generally

Government agencies are required to make certain information available to the public. *See* 5 U.S.C. § 552(a)(1),(2). "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) *reasonably describes* such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (emphasis added). "In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero v. U.S. Dept. of Justice*, 247 F.3d 534, 547 (6th Cir. 2001) (citing *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998)). "The FOIA requires a *reasonable search* tailored to the nature of the request." *Id*. (citing *Campbell*, 164 F.3d at 28 (emphasis added)).

"On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated . . . has jurisdiction to enjoin the agency from

withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The statute further provides:

> In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and *the burden is on the agency to sustain its action*. In addition to any other matters to which a court accords substantial weight, *a court shall accord substantial weight to an affidavit of an agency* concerning the agency's determination as to *technical feasibility* under paragraph (2)(C) and subsection (b) and *reproducibility* under paragraph (3)(B).

*Id*. (emphases added). In other words, "[u]nder 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

However, before coming to Court, a plaintiff must exhaust his administrative remedies by first appealing the adverse decision within the agency. "Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--

> **(i)** determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

6

**(ii)**       make a determination with respect to any appeal within twenty
days (excepting Saturdays, Sundays, and legal public holidays)
after the receipt of such appeal. If on appeal the denial of the
request for records is in whole or in part upheld, the agency
shall notify the person making such request of the provisions
for judicial review of that determination under paragraph (4) of
this subsection.

5 U.S.C. § 552(a)(6)(A)(i),(ii).  However, the statute further provides that, "[a]ny

person making a request to any agency for records under paragraph (1), (2), or (3)

of this subsection shall be deemed to have exhausted his administrative remedies

with respect to such request if the agency fails to comply with the applicable time

limit provisions of this paragraph."  5 U.S.C. § 552(a)(6)(C)(i).

> **2.      Defendant IRS is entitled to summary judgment on
> Plaintiff's claim(s) regarding his March 20, 2015 FOIA
> request, because this request did not reasonably describe
> the documents sought as contemplated by 5 U.S.C. §
> 552(a)(3)(A)(i).**

As an initial matter, I note Plaintiff's assertion that he is the authorized

individual for the Powell Printing Company (EIN 38-2901076), in support of

which he cites Form 2848 ("Power of Attorney and Declaration of

Representative") and Form 8821 ("Tax Information Authorization"); thus, he

claims, "[t]here is no reason why Plaintiff initially had to go through the IRS FOIA

Disclosure to obtain tax information for the Powell Printing Company and the

Parent Company."  (*See* DE 31 at 2, 6, 15-17; *see also* DE 31-2, DE 31-3.)

7

Nonetheless, Plaintiff's March 20, 2015 FOIA request seeks "ENTIRE" Source Documents (SD) for the Powell Printing Co. / Powell Printing, Inc., EIN (Employer Identification Number) 38-2901076. (DE 30-1 at 9-10.) Plaintiff argues that such documents exist, because the letters "SD" appear before "Powell Printing Co." in the "remarks" section of a document faxed from the Federal Records Center (FRC) to the IRS on February 27, 2014. (DE 31 at 5, 7, 8, 12 & 16; DE 31-6 at 2.)

By a letter dated March 24, 2015, Brinda L. Brown, an IRS Senior Disclosure Specialist, checked a box indicating that Plaintiff needed to:

> Describe the records in reasonably sufficient detail to enable us to find them. Your request is too broad. This may include Form numbers and/or Form names, etc., in order to assist [u]s in our search for responsive records.

(DE 30-1 at 32-33.)[3] Plaintiff responded via facsimile dated April 7, 2015, wherein he listed twelve (12) items, including two (2) matters related to "Tefra Partnership" and matters relating to Plaintiff himself - William E. Powell. (DE 30-1 at 35-37, DE 31-9, 31-22.)[4]

***As previously noted, the instant case was originally filed on May 5, 2015. (DE 1.)*** By a letter dated September 30, 2015, Brown explained that Plaintiff's

---

[3] On March 26, 2015, Plaintiff signed and dated a Tax Information Authorization (Form 8821). (DE 31-3 at 3; *see also* DE 31 at 2, 16.)

[4] TEFRA appears to be a reference to the Tax Equity and Fiscal Responsibility Act of 1982.

8

"request dated April 7, 2015 asks for a broader array of documents from other taxpayers. As a result, we will treat your FOIA request from April 7, 2015 as a new FOIA request." (DE 30-1 at 39-40.) In a letter dated October 7, 2015, Brown responded to Plaintiff's purported October 5, 2015 voice mail and, as she had done in her earlier letter, requested that he provide:

1.  Tax years requested.

2.  A clear description of which documents you are requesting for which taxpayers; and

3.  For any records related to taxpayers other than yourself and the Powell Printing Company, proof of your right to access the requested records.

(DE 30-1 at 42.)

Defendant IRS basically argues that Plaintiff's March 20, 2015 FOIA request and April 7, 2015 facsimile do not satisfy 5 U.S.C. § 552(a)(3)(A)(i)'s requirement of "reasonably describ[ing] such records . . . ." (DE 29 at 10-15.) For example, Defendant IRS contends that "neither the March 20 nor the April 7 submission constituted a valid FOIA request because neither complied with the Service's FOIA regulation[] that the request identify the tax 'years at issue.'" (DE 29 at 11-12, 26 C.F.R. § 601.702(c)(5)(i).) In other words, the requests did not comply with "published rules" / "procedures to be followed." (DE 29 at 12, 5 U.S.C. § 552(a)(3)(A)(ii).) Also, Defendant IRS notes that, while the March 20, 2015 request sought documents for the Powell Printing Co. / Inc., the April 7, 2015

9

facsimile used terms such as "parent EIN of the Powell Printing Company[,]" "Tefra Partnership," and "William E. Powell."  According to the IRS, this wider scope disqualified the April 7, 2015 facsimile as a "reasonable description" of the March 20 request; in other words, it was a new, separate, FOIA request.  (*See* DE 29 at 12-13; *compare* DE 30-1 at 10, DE 30-1 at 36-37.)  In addition, Defendant IRS takes the position that certain items listed on the April 7, 2015 facsimile were vague, such as "informational documents" and "closing agreements."  (DE 29 at 13, DE 30-1 at 36-37.)  In short, Defendant states, Plaintiff "never responded to Ms. Brown's September 30 letter or her October 7 letter asking for additional detail."  (DE 29 at 14.)

According to Plaintiff, "Source Documents" or "SD" is an IRS term of art, examples of which include "bank statements, cash register tape, credit card receipts, sales order, and time cards."  (DE 31 at 5, DE 31-7.)  He responds that the April 7, 2015 facsimile describes, in detail, the documents he seeks.  (DE 31 at 5-6.)[5]  Therefore, he maintains that he exhausted his administrative remedies.

Here, the Court should conclude that Plaintiff did not exhaust his administrative remedies as to that portion of his first amended complaint which

---

[5] Plaintiff's response clarifies that there are two FOIA requests at issue – one dated March 20, 2015 (regarding which he followed up on April 7, 2015) and another dated June 8, 2015.  (DE 31 at 3, 5-6.)  Therefore, the Court will not address the April 7, 2015 facsimile as a third or separate FOIA request.  (*See* DE 29 at 4, 11-13, 13-15.)

relates to his March 20, 2015 FOIA request.  As an initial matter, Plaintiff's

unsworn assertion that he did not receive the IRS's September 30, 2015 and

October 7, 2015 letters (DE 31 at 6)[6] is seemingly belied by Ms. Brown's

declaration that she received a voicemail from Plaintiff on October 5, 2015, "in

which he stated that he had provided all the information necessary to process the

initial request in his fax[,]" apparently in response to at least the September 30,

2015 letter.  (DE 30-1 at 5 ¶ 15; *see also* DE 30-1 at 42.)

　　　More importantly, the Court should conclude that Plaintiff's March 20, 2015

FOIA request and April 7, 2015 facsimile do not reasonably describe the

documents sought as required by 5 U.S.C. § 552(a)(3)(A)(i).  "The FOIA requires

the requester to adequately identify the records which are sought."  *Kissinger*, 445

U.S. at 157 (citing 5 U.S.C. § 552(a)(3)(A)).  Plaintiff's March 20, 2015 request

does not specify a tax year.  (DE 30-1 at 10.)  Ms. Brown's March 24, 2015 letter

informed Plaintiff that his request was too broad and that he needed to "[d]escribe

the records in reasonably sufficient detail to enable us to find them[,]" (DE 30-1 at

32-33).  Yet, Plaintiff's April 7, 2015 facsimile does not provide a taxable year

(DE 30-1 at 36-37), which resulted in Ms. Brown's September 30, 2015 letter

---

[6] This appears to be why Plaintiff maintains that Defendant IRS did not respond to
his April 7, 2015 facsimile until August 4, 2015.  (DE 31 at 6 n.4, DE 31 at 16.)
However, the August 4, 2015 response concerned Plaintiff's June 8, 2015 FOIA
request.  (See DE 30 at 17-18.)

asking for additional information, including "[t]ax years requested[,]" and her October 7, 2015 letter again asking for "[t]ax years requested."  (DE 30-1 at 39-40, 42).  As Defendant IRS correctly points out, "[i]n the absence of an identified tax year, the Disclosure Specialist – even now – cannot reasonably search for the audit file that might include such bank statements, receipts, sales orders, etc., even assuming that such Powell Printing Company audit files have been retained."  (DE 32 at 3.)  *See*, *i.e.*, *Kissinger*, 445 U.S. at 157 (1980) ("Safire's request [to the Department of State] did not describe the records as relating to the NSC [National Security Council] or in any way put the agency on notice that it should refer the request to the NSC.  *See* 5 U.S.C. § 552(a)(6)(B)(iii).  Therefore, we also need not address the issue of when an agency violates the Act by refusing to produce records of another agency, or failing to refer a request to the appropriate agency.").

### 3.    Defendant IRS is entitled to dismissal of Plaintiff's claim(s) concerning his June 8, 2015 FOIA request.

Plaintiff's FOIA request dated June 8, 2015 seeks nine (9) tax forms for the Powell Printing Co. and Powell Printing, Inc., EIN 38-2901076, presumably for the 1990 tax year and associated with document locator number (DLN) 17953-494-00101-0.  (DE 30 at 12; *see also* DE 18-3.)  IRS Disclosure Specialist A. Amparano's FOIA response dated July 7, 2015 sought additional time to consult with another agency or Treasury component and extended the statutory response date to July 21, 2015.  (DE 30 at 14-15, DE 31-10.)  By a letter dated August 4,

2015, Amparano responded and addressed 9 forms.  Among other things, this letter explained that Forms 5147 and 5466 became obsolete during 1988 and did not exist for the 1990 tax year and that an additional copy of Form 2553 ("Election by a Small Business Corporation") was enclosed, even though the request had "already been filled through Civil Action Case Number 14-12626 . . . ."  (DE 30 at 17-18.)

> **a.  Plaintiff filed his first amended complaint on July 6, 2015, before the 20 business-day statutory period had run on July 7, 2015; therefore, he did not exhaust his administrative remedies as contemplated by 5 U.S.C. § 552(a)(6).**

Plaintiff contends that the 20 days from his June 8, 2015 FOIA request expired on July 6, 2015.  (DE 31 at 6; *see also* DE 31 at 8, 16.)  Here, Plaintiff points out that Defendant's letter dated July 7, 2015 was post-marked July 9, 2015. (DE 31 at 6-7, DE 31-10.)  In other words, noting that he filed his first amended complaint on July 6, 2015, Plaintiff argues that Defendant IRS "did not comply to process the Request in the twenty (20) day period under 5 U.S.C. [§] 552."  (DE 31 at 16-17.)[7]

_____

[7] Here, I note that Plaintiff's first amended complaint was originally brought to this Court on July 6, 2015, as an attachment to Plaintiff's same-day motion for leave to file a first amended complaint.  (DE 12, DE 12-1.)  It was not until September 8, 2015 that this Court deemed Plaintiff's proposed amended complaint (DE 12-1) as the operative pleading.  (DE 15.)  Three days later, on September 11, 2015, the first amended complaint was separately docketed with the filing date of July 6, 2015.  (DE 16.)  The Court does not consider these dates to impact its

Whatever the post-mark date of Defendant IRS's July 7, 2015 letter, the

Court should agree with Defendant IRS that "Plaintiff filed [his first amended

complaint] before the 20 business-day statutory period had run and therefore did

not exhaust his administrative remedies" as to the June 8, 2015 FOIA request.  (DE

29 at 15-16; *see also* DE 32 at 4.)  Under 5 U.S.C. § 552(a)(6)(A)(i), the IRS had

20 days, "*excepting Saturdays, Sundays, and legal public holidays*," within which

to respond to Plaintiff's FOIA request.  Twenty (20) business days, excluding the

Friday, July 3, 2015 observation of Independence Day,[8] resulted in a Tuesday, July

7, 2015 due date for Defendant IRS.  Even if the IRS's July 7, 2015 letter was

---

recommendation, because Plaintiff, himself, contends his amended complaint was
filed on July 6, 2015.  (DE 31 at 17.)

[8] This report treats Friday, July 3, 2015, as a "legal public holiday," which was
"excepted" from the IRS's 20 day period.  *See* 5 U.S.C. 552(a)(6)(A)(i).  First,
Independence Day, July 4, is a legal public holiday.  5 U.S.C. § 6203(a).  During
2015, Independence Day occurred on a Saturday.  "For most Federal employees,
Friday, July 3, [was] treated as a holiday for pay and leave purposes."  *See*
https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/federal-
holidays/#url=2015 (citing 5 U.S.C. 6103(b)) (last visited Mar. 10, 2016).  This
was, in fact, the case for the IRS.  *See* https://www.irs.gov/pub/irs-prior/p509--
2015.pdf (last visited Mar. 11, 2016).  Second, Plaintiff, himself, excluded July 3,
2015, from his calculation on the basis that it was the day the IRS observed
Independence Day, and he appears to calculate July 6, 2015 as the 20th day.  (*See*
DE 31 at 6, 8 & 16.)  Moreover, the Court need not determine whether the IRS's
20 day period commenced on June 8 or June 9; even if the IRS's time for
responding began on June 8, the 20th day would have been Monday, July 6, 2015.
In such a case, Plaintiff's July 6, 2015 first amended complaint would still have
been premature, because the 20th day was still a day on which the IRS may have
timely responded.  In other words, whether Monday, June 8, 2015 or Tuesday,
June 9, 2015 was the first day, it remains that Plaintiff's July 6, 2015 first amended
complaint was premature.

post-marked July 9, 2015, it remains that Plaintiff's first amended complaint was prematurely filed by one day as to his June 8, 2015 FOIA request.

"A plaintiff's failure to exhaust administrative remedies precludes a federal court from exercising subject-matter jurisdiction over the party's FOIA claims." *Am. Civil Liberties Union of Michigan v. F.B.I.*, No. 11-13154, 2012 WL 4513626, at *4 (E.D. Mich. Sept. 30, 2012) (Zatkoff, J.) *aff'd*, 734 F.3d 460 (6th Cir. 2013). Therefore, Defendant IRS is entitled to dismissal of Plaintiff's claim(s) related to his June 8, 2015 FOIA request, as such claims were not exhausted in accordance with 5 U.S.C. § 552(a)(6).

> **b.    The Court need not consider Defendant IRS's alternate argument that its search was reasonable and released all responsive, located records with respect to the June 8th request.**

Defendant IRS alternatively argues that it "is entitled to summary judgment that its search was reasonable and that it released all responsive records that had been located[.]" (DE 29 at 16-18; *see also* DE 32 at 4-6.) Plaintiff takes issue with this argument. For example:

- Plaintiff contends that Form 5147 was in use during 1990, pointing to what appears to be a Computer Form (CF) 5147 / Integrated Data Retrieval System (IDRS) Transaction Record dated 1990. (DE 31 at 7-8, DE 31-11.)

- He also contends that the National Archive Records Administration (NARA) June 5, 2015 response to his May 8, 2015 request indicates that the 1990 Form 2553 and other

associated documents will be stored at the FRC until 2076. (DE 31 at 8.)[9]

- Plaintiff cites Records Control Schedules for Tax Administration – Wage and Investment, which provides that "accepted and denied elections by small business corporations" are retired to the Records Center one year after the end of the processing year and destroyed 75 years after the end of the processing year. (DE 31 at 16, DE 31-19, DE 31-20 & DE 31-21.)

However, if the Court agrees with my foregoing recommendation that Plaintiff has failed to exhaust his administrative remedies as to his June 8, 2015 FOIA request, it need not consider whether the IRS's response to that request was the result of a reasonable search or whether the IRS's response released all responsive records that had been located. It is also worth noting, as will be discussed below, that Plaintiff's July 6, 2015 first amended complaint – the operative complaint here - could not possibly have challenged the adequacy of Defendant IRS's August 4, 2015 response, as the first amended complaint predates the response by nearly one month.

---

[9] The June 5, 2015 NARA response states, in part: "You have asked for a photocopy of the retention log for the above mentioned files. The [IRS] has stored the above mentioned files in the [RFC] at Dayton, Ohio under a[n] **SF-135**. I have attached the completed form to this letter." (DE 31-12 (emphasis added).) Standard Form 135 is used for "Records Transmittal and Receipt." The SF-135 provided is addressed to the RFC in Dayton, OH, seemingly from the IRS's Cincinnati Submission Processing Center in Covington, KY, and appears to indicate that Form 2553 will be disposed of during 2076. (DE 31-13.)

    **c.**    **Likewise, the Court need not address Defendant IRS's argument that Plaintiff did not appeal the August 4, 2015 response.**

Finally, Defendant IRS argues that "Plaintiff did not appeal the Service's August 4 response thereby failing to exhaust his administrative remedies[.]"  (DE 29 at 18-19; *see also* DE 31 at 8; DE 32 at 1 n.1, 6.).)  It is true that the August 4, 2015 letter notified Plaintiff of his appeal rights.  (DE 29 at 16; DE 30 at 17-18, 20-21);[10] however, if the Court agrees with my earlier recommendation that Plaintiff did not exhaust his administrative remedies as to his claims concerning his June 8, 2015 FOIA request, then it need not address the sequential issue of whether Plaintiff exhausted his administrative remedies by appealing the August 4, 2015 response.

To be sure, Plaintiff would be required to give Defendant IRS the first bite at the apple regarding the adequacy of its response.  *See Am. Civil Liberties Union of Michigan v. F.B.I.*, No. 11-13154, 2012 WL 4513626, at *4 (E.D. Mich. Sept. 30, 2012) *aff'd*, 734 F.3d 460 (6th Cir. 2013) ("Plaintiff's Appeal made no mention of § 552(a)(3)(C).  If Plaintiff never notified Defendants of its objection to their search, then Plaintiff did not appeal this specific issue and thus could not have administratively exhausted this claim.  Therefore, the Court lacks subject-matter

---

[10] *See also* 26 C.F.R. § 601.702(c)(9)(iv) ("Denial of request."), 26 C.F.R. § 601.702(c)(10) ("Administrative appeal.") & Ampanaro Decl. (DE 30 at 6-7 ¶¶ 17-19.)

jurisdiction over Plaintiff's search claim.").  Moreover, to the extent, if at all,

Plaintiff seeks to challenge the adequacy of Defendant IRS's August 4, 2015

response, that claim should be reflected in his complaint.  *See Texas Roadhouse,*

*Inc. v. E.E.O.C.*, No. 3:14CV-00652-JHM, 2015 WL 925894, at *3-*6 (W.D. Ky.

Mar. 3, 2015) ("Texas Roadhouse has not challenged the adequacy of the response

in its amended complaint[,]" and "[a]fter a review of the statute and case law, the

Court finds that Texas Roadhouse must first appeal to the EEOC the EEOC's

decision to redact or withhold certain documents pursuant to FOIA exemptions.  In

as much as the complaint and amended complaint could be construed as asserting a

claim that the EEOC wrongfully applied exemptions to redact and withhold

documents, the Court will dismiss without prejudice Texas Roadhouse's FOIA

claims so that Texas Roadhouse first may administratively exhaust those claims.").

####       4.       Conclusion

Among other things, Plaintiff asks this Court to recognize and acknowledge

allegedly fraudulent activity by the IRS concerning the Estate of William A.

Powell and Powell Printing Company, claiming that "[t]his situation was directly

'targeted' allegedly within the IRS Cincinnati Ohio Division to prevent the

discovery of the allegedly fraudulent activity with regard to the Estate of William

A. Powell."  (DE 31 at 18.)  However, the sole cause of action delineated in

Plaintiff's first amended complaint is an alleged violation of 5 U.S.C. § 552, based

upon his March 20, 2015 and June 8, 2015 FOIA requests to Defendant IRS, and

these claims are the limit of the Undersigned's report and recommendation.[11]  As

illustrated above, Defendant IRS is entitled to (a) summary judgment on Plaintiff's

claim(s) concerning his March 20, 2015 FOIA request and (b) dismissal of

Plaintiff's claim(s) concerning his June 8, 2015 FOIA request.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to

file specific objections constitutes a waiver of any further right of appeal.  *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

---

[11] Plaintiff's first amended complaint also mentions a May 7, 2015 FOIA request to
the NARA.  (*See* DE 16 at 4 ¶¶ 8-9.)  And, Plaintiff's response provides the June 5,
2015 response from the NARA.  (DE 31-12.)  However, the Court does not treat
this as an independent basis for Plaintiff's FOIA complaint, as the May 7, 2015
FOIA request was made to a non-party.  *See*, *i.e.*, <u>Rallis v. Stone</u>, 821 F. Supp. 466,
469 (E.D. Mich. 1993) (Feikens, J.) ("The proper party defendant in an FOIA
action is the agency allegedly withholding the documents sought."), 5 U.S.C. §
552(a)(4)(B) ("On complaint, the district court of the United States in the district in
which the complainant resides, or has his principal place of business, or in which
the agency records are situated, or in the District of Columbia, *has jurisdiction to*
*enjoin the agency* from withholding agency records and to order the production of
any agency records improperly withheld from the complainant.") (emphasis
added).

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

s/Anthony P. Patti

Anthony P. Patti
Dated: March 11, 2016            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 11, 2016, electronically and/or by U.S. Mail.

s/Andrea Teets, Deputy Clerk

United States District Court