UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. POWELL,

       Plaintiff,                              Case No. 15-11616

v.                                                        Paul D. Borman
                                                        United States District Judge

INTERNAL REVENUE SERVICE,

                                                        Anthony P. Patti
             Defendant.                      United States Magistrate Judge
_____/

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 37);
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 36); (3) GRANTING DEFENDANT IRS'S MOTION TO DISMISS AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 29); AND (4) DISMISSING THIS CASE WITH PREJUDICE

Before the Court is Plaintiff William E. Powell's Objections to Magistrate Judge Anthony P. Patti's March 11, 2016 Report and Recommendation. (ECF No. 36, Report and Recommendation.) The Report and Recommendation recommended that this Court grant Defendant IRS's February 17, 2016 Motion to Dismiss and/or Motion for Partial Summary Judgment. (ECF No. 29.) Plaintiff filed a timely Objection to the Report and Recommendation dated March 24, 2016. (ECF No. 37.) Thereafter, Defendant filed a Response to Plaintiff's Objection. (ECF No. 40.)

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will deny the Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss

this action with prejudice.

## I. BACKGROUND

On May 5, 2015, Plaintiff filed his original complaint against Defendant IRS claiming that Defendant IRS was "unlawfully withholding" records requested by Plaintiff on March 20, 2105 in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (ECF No. 1.) On July 6, 2015, Plaintiff filed a motion to amend the complaint with a proposed amended complaint pursuant to Fed. R. Civ. P. 15. (ECF No. 12.) Plaintiff's amended complaint added a second claim against Defendant IRS, also under FOIA, based on Plaintiff's June 8, 2015 request for tax documents. (ECF No. 16, Amended Complaint, at ¶ 5.) On September 8, 2015, Magistrate Judge Patti granted Plaintiff's motion to amend. (ECF No. 15.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection"

that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Defendant IRS has filed a "motion to dismiss and/or for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure." The Magistrate Judge correctly analyzed Defendant IRS's motion pursuant to Rule 56 based upon the arguments that the Court lacks subject matter jurisdiction over Plaintiff's FOIA claims because Plaintiff failed to exhaust his administrative remedies and because Defendant IRS reasonably responded and produced the documents Plaintiff requested on June 8, 2015.[1]

---

[1]The Sixth Circuit has held in an unpublished opinion that a plaintiff's failure to exhaust his administrative remedies in relation to a FOIA claim "deprive[s] the district court of jurisdiction." *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (citations omitted). Yet, since the Sixth Circuit's decision in *Reisman*, the Supreme Court has

> adopted a readily administrable bright line for determining whether to classify a statutory limitation as jurisdictional. We inquire whether Congress has clearly stated that the rule is jurisdictional; absent such a clear statement, we have cautioned, "courts should treat the restriction as nonjurisdictional in character.

*Sebelius v. Auburn Regional Med. Ctr.*, 133 S. Ct. 817, 824 (2013) (omitting marks, citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)); *see also Carter v. United States*, No. 1:16-cv-530, *Report and Recommendation*, 2016 WL 4382725, at *2 (S.D. Ohio, Aug. 16, 2016) (recognizing the same and collecting authority). The majority of courts have also concluded that "exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite." *Hull v. I.R.S., U.S. Dep't of Treas.*, 656 F.3d 1174, 1181-82 (10th Cir. 2011) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir., 2003); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 n. 3 (11th Cir. 1994) ("[E]xhaustion of administrative remedies is not a jurisdiction requirements."); *see also Ocon-Fierro v. Drug Enforcement Admin.*, No. 1:10-cv-1228, 2013 WL 869911 *2 (W.D. Mich., Feb. 15, 2013) *report and recommendation adopted by* 2013 WL 868325 (recognizing Sixth Circuit's position as set forth in the unpublished *Reisman* decision is minority opinion).

The Court finds that it is bound to follow the Sixth Circuit's position as set forth in *Reisman* and therefore finds no legal error in the Magistrate Judge's Report and Recommendation addressing the issue of subject matter jurisdiction.

Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of genuine issue of material fact." *Id*. at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

III. ANALYSIS

A.     Objection One

The Magistrate Judge concluded that Plaintiff's March 20, 2015 administrative FOIA request, which sought the "entire source documents for the Powell Printing Company, did not "reasonably describe" the records the Plaintiff was seeking as required by 5 U.S.C. § 552(a)(3)(A). (ECF No. 8.) Plaintiff does not object to this finding.

It is undisputed that Brinda L. Brown, an IRS Senior Disclosure Specialist, sent Plaintiff a letter, dated March 24, 2015, advising Plaintiff in regards to his March 20, 2015 request that he needed to "describe the records in reasonably sufficient detail to enable us to find them. Your request is too broad. This may include Form numbers and/or Form names, etc., in order to assist [u]s in our search for responsive record." (ECF No. 30, Brown Decl., Ex. B.) Plaintiff then responded by facsimile dated April 7, 2015, and listed twelve items, including two matters related to "Tefra Partnership" and its "partners" and other matters relating to himself, William Powell. (*Id.*, Ex. C.) Plaintiff did not identify a pertinent tax year in either his March 20, 2015 request nor did Plaintiff specify a pertinent tax year in his April 7, 2015 facsimile that purported to narrow the request for documents.

The Magistrate Judge found that this failure to identify even a tax year was fatal to Plaintiff's claims under FOIA because Plaintiff never properly described the documents he requested in either his March 20, 2015 request or his April 7, 2015 facsimile, and Brown advised that without this information she would be unable to find the requested documents. (Brown Decl., at ¶ 12.) "The FOIA requires the requester to adequately identify the records which are sought." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 157 (citing 5

5

U.S.C. § 552(a)(3)(A)). Thus, the Magistrate Judge concluded that Plaintiff had failed to exhaust his administrative remedies relating to his March 20, 2015 request because he had failed to "reasonably describe" the requested "ENTIRE Source Documents" for the Powell Printing Company. *See* 5 U.S.C. § 552(a)(3)(A)() (setting forth requirement that the requester "reasonably describe such records..."). Plaintiff did not object to the Magistrate Judge's conclusion on this issue.

Plaintiff lodges an objection regarding his filing of Form 8821. The Court, however, finds this objection to be irrelevant to the Magistrate Judge's analysis and conclusion regarding the March 20, 2015 request and will therefore deny Plaintiff's first objection. In summary, the Court finds that Plaintiff's FOIA claim relating to his March 20, 2015 request fails because Plaintiff failed to properly exhaust his administrative remedies.

      B.      All Other Objections

All of Plaintiff's remaining objections relate solely to the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit in regards to this June 8, 2015 FOIA request.

Plaintiff filed his original complaint on May 5, 2015 and set forth a single claim based upon his March 20, 2015 FOIA request. On June 8, 2015, Plaintiff made a second separate FOIA request from the IRS seeking nine tax forms for the Powell Printing Co. And Powell Printing, Inc. EIN 38-2901076 with the associated document locator number (DLN) 17953-494-00101-0. (ECF No. 30, Amparano Decl., ¶ 4, Ex. A.) In a letter dated July 7, 2015, IRS Disclosure Specialist A. Amparano notified Plaintiff that she extended the statutory time to respond to his request to July 21, 2015 so that she could consult with another agency or Treasury component. (Amparano Decl., ¶ 45, Ex. B.) That letter stated that "We have extended the

statutory response date to July 21, 2015, after which you can file suit." (*Id.*)  On July 6, 2015, one day prior to the expiration of the 20 day statutory response period, and before Plaintiff received Defendant IRS's July 7, 2015 Letter, Plaintiff filed a motion to amend his complaint and attached a proposed amended complaint.[2]  (ECF No. 12.)

On September 8, 2015, the Magistrate Judge granted Plaintiff's motion to amend and stated that "the Court will consider Plaintiff's proposed first amended complaint, attached as Exhibit A to his motion (DE 12-1), as FILED."  (ECF No. 15.)  Three days later, the Court separately docketed Plaintiff's Amended Complaint with the filing date of July 6, 2015.  (ECF No. 16.)  The Magistrate Judge concluded in the Report and Recommendation that these dates did not effect his analysis regarding exhaustion because Plaintiff admitted in his response that he considered his amended complaint filed on July 6, 2015.  (ECF No. 36, at 13-14 n. 7, citing ECF No. 31, at 17.)

Plaintiff now contends that his Amended Complaint was not "filed" until his motion to amend was granted in September and therefore his Amended Complaint was "filed" after the 20 day response period expired.  Plaintiff further argues that because he did not receive Defendant IRS's response within the 20 day statutory period, noting that Defendant IRS's response was date July 7, 2015 it was postmarked July 9, 2015, Plaintiff's June 8, 2015 FOIA request should be considered administratively exhausted.  *See* 5 U.S.C. 522(a)(6)(C); *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994) ("Actual exhaustion occurs when the agency denies all or part of a party's document request.  Constructive exhaustion occurs when certain statutory

---

[2] While Plaintiff claims that the 20 day response period ran on July 6, 2015 rather than July 7, 2015, the effect is unchanged.  If the time period expired on July 6, 2015, as Plaintiff contends, Defendant IRS still had that day to timely respond.  Thus, it is undisputed that the Plaintiff prematurely filed his motion to amend by one day.

requirements are not met by the agency.").

The Court finds it is unnecessary to determine whether an amended complaint is deemed filed upon the date the motion to amend is filed or whether the operative date is the date the motion to amend is granted. The Court finds that even assuming Plaintiff properly exhausted his administrative remedies as to the June 8, 2015 request, Defendant IRS's search was reasonable and it released all responsive records that were located in response to Plaintiff's FOIA request.

Amparano provided a declaration wherein she described her search for the records Plaintiff requested. Amparano stated she "interpreted Mr. Powell's request as being for various forms, all associated in some way with 'DNL 17953-494-00101-00' and all being related to an entity with the Employer Identification Number ('EIN') 38-2901076, which presumably was either Powell Printing Company or Powell Printing, Inc." (Amparano Decl. 5.) Thus, Amparano searched for records filed under DLN 17953-494-00101-00 but only found a single responsive record, Powell Printing Co.'s Form 2553. Amparano was informed that Plaintiff was "seeking the Form 2553 in another FOIA lawsuit in federal court.... Mr. Powell would be able to inspect the Form 2553 and would receive another copy of Form 2553." (*Id*., at ¶ 9.) Indeed, the Court notes that on September 3, 2015, Plaintiff inspected that Form 2553 in relation to a different FOIA action filed in this district. *See Powell v. I.R.S.*, No. 14-CV-12626 (Cox., J.) (ECF No. 45, finding that Plaintiff inspected the original Form 2553 in the presence of the Court and "was also provided with a certified copy of the document. Plaintiff has therefore obtained all relief he sought as to this document.")

Amparano also "continued to search for any other documents related to the DLN that Mr. Powell requested" by using a broader search with Defendant IRS's Integrated Data Retrieval System. (Amparano Decl., at ¶ 11.) Despite this broader search method, Amparano "did not

locate any responsive records outside the previously provided Form 2553."[3] (*Id*.) Amparano further declared that Forms 5147 and 5466 were obsolete for the year 1990. (*Id*., at ¶ 15.) Also, the two other forms Plaintiff requested, Form 5578 and 8274, "would only exist if the Powell Printing Company or Powell Printing Inc. met certain not-for-profit standards." (*Id*., at ¶ 16.) Ultimately, on August 4, 2015, Amparano provided Plaintiff with a copy of Form 2553 and notified him that Form 5147 and 5466 did not exist in the tax year 1990 and that she could not find any documents "specifically responsive to your request" for Forms 1128, 3177, 5578, 8274, and 8176. (*Id*., at ¶¶13, 17, Ex. C, Aug. 4. 2015 Letter.)

"In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero v. U.S. Depart. of Justice*, 257 F.3d 534, 547 (6th Cir. 2001) (citation omitted). The burden is on the agency to establish the adequacy of its search and it may

> rely on affidavits or declarations that provide reasonable detail of the scope of the search. In the absence of countervailing evidence or apparent inconsistency of proof, [such affidavits] will suffice to demonstrate compliance with the obligations imposed by the FOIA. The question focuses on the agency's search, not on whether additional documents exist that might satisfy the request.

*Id*. (internal citations and quotation marks omitted).

Here, Plaintiff contended in his response to Defendant IRS's motion that Defendant IRS's argument that the Form 5147 was obsolete was a "false statement" because he had received a "portion" of a Form 5147 that was dated in 1990 in response to a different request from a different agency. (ECF No. 31, at 7; Ex. I.) Plaintiff also contended that a National

---

[3] Amparano noted that a DNL number "generally applies to one document for a particular tax year, so there is usually only one document found under any particular DLN in a given tax year." (Amparano Decl, at ¶ 6.) Thus, it appears unsurprising that Amparano was not able to find any other responsive document to DNL 17953-494-00101-00 beyond the Form 2553.

Archive Records Administration ("NARA") FOIA response indicated that the 1990 Form 2553 and other associated documents would be stored at the Federal Retention Center until 2076. (ECF No. 31, at 8; Ex. J, K.) However, Plaintiff himself noted that "this could not be the SF-135 for the Powell Printing Company" due to discrepancies in the disposal dates listed. (ECF No. 31, at 8, n. 8.)

The Court finds that Defendant IRS has established through Amparano's declaration that it utilized "methods reasonably expected to produce the requested information." *Rugiero*, 257 F.3d at 547. Plaintiff has failed to raise any genuine issue of material fact regarding whether Amparano's search methods were reasonable. Plaintiff's partial Form 5147 from 1990 does not contradict Amparano's assertions that no responsive documents (save Form 2553) were found in relation to a search of the particular DLN Plaintiff provided. Plaintiff also contradicted the veracity the SF 135 he produced and claimed evidenced certain Powell Printing Company documents are being stored at the FRC. Further, Plaintiff admittedly received Form 2553 from Defendant IRS and had the opportunity to inspect the original a different FOIA action in this district.

For all these reasons, the Court finds that even assuming Plaintiff exhausted his administrative remedies as to his June 8, 2015 FOIA claim based on Defendant IRS's failure to notify him of its decision within 20 days, Defendant IRS is still entitled to summary judgment because it reasonably searched for the requested records and released the single responsive document it found – Form 2553.

IV. CONCLUSION

For all these reasons, the Court will DENY Plaintiff's Objections (ECF No. 37), ADOPT the Magistrate Judge's Report and Recommendation (ECF No. 36); GRANT Defendant's Motion to Dismiss and/or Motion for Partial Summary Judgment (ECF No. 29) and DISMISS this action WITH PREJUDICE.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2016.

s/Deborah Tofil
Case Manager